**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **JOEY RAMOS,** §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>**BLUFF SPRINGS FOOD MART INC.,** §<br>*Defendant* §<br>§ | Case No. 1:22-CV-161-RP |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion for Default Judgment, filed May 19, 2022 (Dkt. 13), and Defendant's Opposition to Plaintiff's Motion for Default Judgment, filed May 24, 2022 (Dkt. 15). By Text Order entered July 9, 2022, the District Court referred the Motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   Background

On March 23, 2022, after being granted *in forma pauperis* status, Plaintiff Joey Ramos filed his Complaint under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, against Defendant Bluff Springs Food Mart Inc., the owner or operator of Diamond Food Mart, located at 5618 Manor Road in Austin, Texas (the "Property"). Complaint, Dkt. 4 ¶ 9. Plaintiff, who is disabled and uses a wheelchair, alleges that in December 2021, he "attempted to but was deterred from patronizing, and/or gaining equal access as a disabled patron to the Property. *Id.* ¶ 9.

1

Plaintiff issued his Summons on Defendant on April 18, 2022. Dkt. 9. The Clerk's Docket shows that the Summons was delivered to Defendant on April 26, 2022, and filed in this case on April 29, 2022. Dkt. 10. On May 18, 2022, Plaintiff moved the Clerk to enter a default against Defendant for failing to answer pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 11. On May 19, 2022, the Clerk entered a Clerk's Entry of Default against Defendant. Dkt. 12. Defendant filed an Answer on May 23, 2022. Dkt. 14.

Plaintiff now moves the Court to enter a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. 13. Defendant opposes the Motion and asks the Court to set aside the Clerk's Entry of Default under Rule 55(c) on the basis that Defendant was never properly served with this lawsuit. Dkt. 15.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." The language of this rule is discretionary, and "the decision to set aside a default is committed to the sound discretion of the trial court." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "[D]istrict courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). "This is because courts universally favor trial on the merits." *Id.* (cleaned up); *see also Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) ("Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits.").

Good cause to set aside a default has been found where the defendant was never properly served. *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022). "A defendant cannot default if he had no duty to answer the suit—and he need not answer until 'service has been perfected.'" *Id.* (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008)).

### III.    Analysis

Defendant argues that the default should be set aside because it was never properly served with this lawsuit. A district court "*must* set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process." *Harper*, 260 F.3d at 393. Accordingly, the Court must determine whether service on Defendant was defective.

### A.  Requirements for Proper Service

Plaintiff chose to effectuate service on Defendant under Federal Rule of Civil Procedure 4(h)(1)(A), which allows service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) permits service on a defendant "following state law for serving a summons." In this case, Texas law applies and allows for service on a defendant by:

> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

Tex. R. Civ. P. 106(a).

Plaintiff attempted to serve Defendant by certified mail, not personal delivery. Under Texas Rule of Civil Procedure 107(c), if a plaintiff serves a defendant by registered or certified mail, "the return by the officer or authorized person must also contain the return receipt with the addressee's signature." "If the return receipt is not signed by the addressee, the service of process is defective." *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied).

When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 370 n.13 (5th Cir. 2017). "[F]ailure to affirmatively show strict compliance with the [Texas] Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

## B. Plaintiff's Service Was Defective

Plaintiff alleges that he served Defendant's registered agent,[1] William C. Dufour, by certified mail on April 26, 2022. Dkt. 13 at 2. The Process Receipt and Return filed April 29, 2022 shows that the return receipt was signed on April 26, 2022. Dkt. 10 at 2. Although the signature on the return receipt is illegible, the receipt states in print that "William C. Dufour" received the summons. *Id.*

Defendant denies that "Dufour nor any of his employees or representatives ever signed a green return receipt card." Dkt. 15 at 3. While Defendant acknowledges that "[t]he Courts record shows a green return receipt card that was allegedly signed by William C. Dufour," it contends that the signature on the return receipt "is not the signature of William C. Dufour or any of his employees or representatives." *Id.* at 1. Defendant contends that Dufour received a citation in this case on May 2, 2022, but the citation did not have a green return receipt card attached to it. *Id.* In support, Defendant submits a sworn affidavit from Dufour, stating:

> I received in my office mail box and [sic] envelope dated April 28, 2022 that contained the Complaint in the above entitled cause. I was never personally served with a copy of the Complaint by anyone including the US Marshall's service. I am aware of a green card in the Court's file that purports to have by signature on it. This was not mine [sic] signature I have never seen this green card except by reviewing the Court's file.

Dufour Affidavit, Dkt. 15 at 7-8. Plaintiff did not file a reply brief and, therefore, has not contested Defendant's allegations.

"The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *People's United Equip.*

---

[1] Texas law authorizes service on a corporation through the corporation's registered agent, president, or vice president. *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1156 (5th Cir. 2021) (citing TEX. BUS. ORGS. CODE §§ 5.201(b) & 5.255 (West. 2011)), *cert. denied*, --- S.Ct. ----, 2022 WL 4651520 (Oct. 3, 2022). Dufour is Defendant's attorney of record in this case. Dkt. 15 at 7.

4

*Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (quoting *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). However, "the burden of presenting strong and convincing evidence is not an impossible one, as even an affidavit may suffice." *Moreno v. LG Elecs., U.S.A. Inc.*, No. 7:13-CV-427, 2014 WL 11281383, at *3 (S.D. Tex. May 7, 2014), *aff'd*, 800 F.3d 692 (5th Cir. 2015). In addition, a court "need not assume service was proper, even on a motion for default judgment, if the affidavits are inconsistent or unreliable." *RooR Int'l BV v. A1 Smoke Shop Inc.*, No. 4:18-CV-3828, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019) (internal citation omitted), *R. & R. adopted*, 2019 WL 6330483 (S.D. Tex. Nov. 25, 2019). When a default judgment is directly attacked, "it is essential that there be a strict compliance with the Rules of Civil Procedure in regard to the issuance of citation, the manner and mode of service, and the return of process." *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.)

The Court finds that Defendant has provided strong and convincing evidence that the signature displayed on the return receipt was not Dufour's. In addition to Dufour's sworn affidavit, the Court finds that the signature on the return receipt is not the same as the signature Dufour used on Defendant's filings in this case. *See Matter of Washington*, No. 6:15-MC-19, 2022 WL 421137, at *2 (E.D. Tex. Jan. 26, 2022) (finding that it was possible that party did not receive notice where the green card acknowledgment receipt signature was "not identical to his signature in pleadings in previous cases in this court"), *R. & R. adopted*, 2022 WL 417382 (E.D. Tex. Feb. 10, 2022); *RooR Int'l BV*, 2019 WL 6330543, at *2 (finding that plaintiffs did not demonstrate proper service where service affidavits conflicted with each other and plaintiffs' attorney's affidavit).

For these reasons, the Court finds that Defendant has provided strong and convincing uncontradicted evidence that service was defective. "Failure of the officer to sign the return of citation renders the return fatally defective and will not support a default judgment on direct

5

attack." *Am. Bankers Ins. Co. of Fla. v. State*, 749 S.W.2d 195, 197 (Tex. App.—Houston [14th Dist.] 1988, no writ); *see also Ayika v. Sutton*, 378 Fed. App'x. 432, 434 (5th Cir. 2010) (finding that service on defendants was defective because defendants' signatures did not appear on the return receipts); *Keeton*, 53 S.W.3d at 19 (holding that service was defective where return receipt was not signed by addressee).

Citation also is defective because Defendant avers that the citation it received in the mail on May 2, 2022 did not have the green return receipt card attached to it. *See* TEX. R. CIV. P. 106(a)(2) (requiring copy of citation and petition to be served on defendant "by registered or certified mail, return receipt requested"); *Ayika,* 378 F. App'x at 434 ("Texas law authorizes service of process via registered or certified mail, with return receipt requested."). "The requirements for proper service of citation by registered or certified mail are unambiguous," *Hollister v. Palmer Indep. Sch. Dist.*, 958 S.W.2d 956, 959 (Tex. App.—Waco 1998), and a failure to include "green cards or other documents attached to the proofs of service showing the use of registered or certified mail as required" renders service defective. *Walker v. Collier*, No. SA-21-CV-00677-XR, 2022 WL 179875, at *3 (W.D. Tex. Jan. 19, 2022).

### C. Conclusion

Defendant has presented strong and convincing uncontradicted evidence that it was not properly served in this case on April 26, 2022. Because it appears that Defendant was not properly served, Defendant has presented good cause to set aside the Clerk's Entry of Default. *Espinoza*, 44 F.4th at 276; *Harper*, 260 F.3d at 393. Accordingly, the Court recommends that Defendant's request to set aside the Clerk's Entry of Default should be granted.

## IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **SET ASIDE** the Clerk's Entry of Default (Dkt. 12) under Federal Rule of Civil Procedure 55(c) and **DENY** Plaintiff's Motion for Default Judgment (Dkt. 13).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 4, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE